UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/28/2026___

UNITED STATES OF AMERICA,

                                 Plaintiff,                    No. 25-CR-461 (NSR)

        -against-                                                     **ORDER**

BRALLAN PEREZ ALARCON,

                                 Defendant.

NELSON S. ROMÁN, United States District Judge:

        The Court has reviewed the parties' respective submissions concerning the proposed voir dire and preliminary instructions.  The Government objects to the inclusion of Defendant's proposed theory-of-defense instruction during voir dire and further requests modification of Question 68 concerning threats directed at law enforcement officers.  (ECF No. 33.)  Defendant, in turn, contends that a brief statement of the defense theory is appropriate at the outset of trial and that the phrase "true threats" should be incorporated into Question 68 to distinguish unlawful threats from protected speech or harmless hyperbole.  (ECF No. 34.)

        As an initial matter, the Court agrees with Defendant that a criminal defendant may, under appropriate circumstances, be entitled to a theory-of-defense instruction where there exists some evidentiary foundation for the defense.  *See United States v. Dove*, 916 F.2d 41, 47 (2d Cir. 1990). Nevertheless, the Court also agrees with the Government that the principal purpose of voir dire is to identify prospective jurors who cannot remain fair and impartial, rather than to litigate the merits of competing factual theories before the presentation of evidence.  *See United States v. Lawes*, 292 F.3d 123, 128 (2d Cir. 2002) (noting that voir dire must balance "the need to afford counsel a 'feel' as to each potential juror" with "the need to avoid use of the voir dire as a mini-trial that delays

the presentation of evidence"). At this preliminary stage, the Court finds that a detailed recitation of Defendant's proposed defenses risks unnecessarily transforming jury selection into premature argument on the merits. The Court therefore declines to include Defendant's proposed defense-theory instruction in the voir dire questionnaire itself. However, to ensure that the jury understands that Defendant disputes the Government's allegations and intends to contest the requisite intent elements at trial, the Court will include a brief, neutral statement during its preliminary remarks to the venire.

The Court further agrees with the Government that inclusion of the phrase "true threats" in Question 68 is inappropriate at the voir dire stage. Although the phrase may carry some colloquial meaning, it also constitutes a legal term of art with constitutional significance, the contours of which will be addressed through the Court's substantive jury instructions following the presentation of evidence. Introducing that terminology during voir dire, before the jury has received any instruction on the governing law, risks juror confusion and unnecessary colloquy concerning the legal definition of a "true threat." At the same time, the Court recognizes Defendant's concern that the question should not be phrased so broadly as to suggest that all offensive, exaggerated, or hyperbolic statements are unlawful. The Court therefore will adopt a modified version of the Government's proposed revision to Question 68 that focuses narrowly on whether any prospective juror believes laws prohibiting threats of violence against law enforcement officers should not be enforced. The Court will likewise advise prospective jurors that it will instruct them at the conclusion of the trial on the governing law concerning what constitutes an unlawful threat.

SO ORDERED:

_____

Dated: May 28, 2026
     White Plains, NY

NELSON S. ROMÁN
United States District Judge